## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| **STATE AUTO NATIONAL INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No. 3:11-cv-379** **(Phillips)** |
| **JOSEPH M. STANTON, SR., et al.,** | ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

### I.    Introduction

The matter before the Court is whether the Court can lawfully exercise subject-matter jurisdiction over the above-captioned matter. Specifically, the Court must determine whether the amount in controversy meets the jurisdictional minimum as regulated by 28 U.S.C. § 1332. The question of subject-matter jurisdiction was initially raised by the Defendants in the form of a Motion to Dismiss.[Doc. 45] After the Defendants decided that they would rather have their case decided in a timely manner, the Defendants moved to withdraw their Motion to Dismiss. [Doc. 51] The Defendants subsequently filed a Motion to Dismiss, based on other, substantive, grounds [Doc. 56] to which the Plaintiff has not responded.

As the question of jurisdiction is antecedent to any determination of the merits, this Court, notwithstanding the Defendants' Motion to withdraw, must determine whether it has jurisdiction over this matter, or, whether this case ought to be remanded to the state courts as forums of more

general jurisdiction.

## II.     Procedural Background

On October 17, 2012 this Court held a hearing requesting that the Plaintiff provide argument in support of its position that this Court had jurisdiction over this case. The Court, unsatisfied that the Plaintiff had proved that the amount in controversy requirement was met, gave leave for the Plaintiff to file a brief, at a later date, in which the Plaintiff could more- thoroughly state its argument in favor of jurisdiction. Two weeks after the hearing, the Plaintiff, in compliance with the Court's directive, filed a Memorandum in Support of Subject-Matter Jurisdiction. [Doc. 54]

In that Memorandum, the Plaintiff states " [n]either the District Courts [*sic*] of Tennessee nor the Sixth Circuit has [*sic*] directly address [*sic*]   the issue of whether attorney's fees in a declaratory judgment action by an insurance carrier are considered to determine the amount in controversy." [Doc. 54 at 4-5]

## III.     Analysis

The Court finds that the Plaintiff has failed to show, by a preponderance of the evidence, that this Court has jurisdiction to hear its claims. Consequently, and for the reasons that will follow, this case must be dismissed for lack of subject matter jurisdiction.

The fact that the Defendants withdrew their objection to jurisdiction does not control. This Court is nevertheless required to make an independent determination of whether jurisdiction is proper.  *V&M Star, LP v. Centimark Corp*., 596 F.3d 354, 356-357 (6th Cir. 2010) (holding that the district court had an obligation to determine whether diversity existed, despite defendant's having waived issue). Having made the jurisdictional determination, the Court will now state its reasons for

such a determination.

## A. Statutory Analysis

The Plaintiff premised its jurisdictional argument on this Court's original jurisdiction under 28 U.S.C. § 1332. That statute requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith, and '[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.' " *Charvat v. GVN Mich., Inc.* , 561 F.3d 623, 628 (6th Cir. 2009). In addition, the amount in controversy component of federal diversity jurisdiction depends on the amount that was in controversy when the federal suit began. When jurisdiction is in doubt, however, "The party seeking the federal forum bears the burden of proving that the amount in controversy exceeds $75,000." *Durant v. Servicemaster Co.*, 109 Fed. Appx. 27, 29 (6th Cir. Mich. 2004) (quoting, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L.Ed. 1135, 56 S. Ct 780 (1936)). Which is to say, that the party seeking a federal forum bears the risk of non-persuasion.

Jurisdiction itself is not a fact, but it is a consequence of facts that converge to form a legal conclusion. The underlying facts that form the basis for jurisdiction are generally accepted by the courts if made in good faith by the one who seeks a federal forum. *Meridian Sec. Ins. Co. V. Sadowski,* 441 F.4d 536, 541 (7th Cir. ILL. 2006). Only when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount" can courts disregard counsel's good-faith averment and dismiss for lack of jurisdiction. *Saint Paul Mercury Indemnity Co. v. Red Cab Company*, 303 U.S. 283 (1938). Commonly referred to as the "St. Paul Mercury Test", the "legal certainty" test is inapplicable when the removal petition merely states that the amount in controversy

-3-

exceeds the required amount, as was the case in the instant action. *Asociacion Nacional De Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.,* 988 F.2s 559, 565 (5th Cir. 1993).

### B.    28 U.S.C. § 1332 St. Paul Mercury Test and Good Faith Do Not Apply

The "St. Paul Mercury Test" and the initial good faith standard are both inapplicable here. Though this case did not have a removal petition, as it originated in federal court, the Complaint's only mention of the amount in controversy is that it "exceeds the sum of $75,000, exclusive of costs and interest." [Doc. 1 ¶ 2]. Such an unsubstantiated pleading is clearly in line with the Fifth Circuit's reasoning in *Asociacion Nacional,* excerpted above. Further, the presumption of good faith is no longer enjoyed by the Plaintiff since there has been a challenge to this Court's jurisdiction. [Doc. 45]. Since the "St. Paul Mercury Test" and the initial good faith standard are both inapplicable here, the Court must determine whether the Plaintiff has met its burden of proving that the amount in controversy exceeds the jurisdictional floor.

During the jurisdictional hearing, the Plaintiff stated that "Our potential liability is capped at $75,000." Furthermore, the Defendant's Motion to Dismiss also argues that the plain language of the complaint demonstrates that the damages are capped at $75,000. [Doc. 45] Therefore, in order to meet the jurisdictional floor, the Plaintiff must find another source of controverted money that would allow this case to continue in this forum. In order to meet the jurisdictional minimum, the Plaintiff argues that attorneys fees ought to be calculated and added to the amount in controversy. However, the Plaintiff also states that " [n]either the District Courts [*sic*] of Tennessee nor the Sixth Circuit has [*sic*] directly address [*sic*] the issue of whether attorney's fees in a declaratory judgment action by an insurance carrier are considered to determine the amount in controversy." [Doc. 54 at

-4-

4-5] .

### C.    Attorney's Fees

In1913, the Supreme Court first addressed the question of whether attorney's fees ought to be considered for jurisdictional purposes  in the case of *Springstead v. Crawfordsville State Bank,* 231 U.S. 541 (1913) written by Chief Justice Edward White. In *Springstead,* the Court considered "two promissory notes, each for one thousand dollars and each providing for the payment of a reasonable attorney's fee if suit were brought. Could such an attorney's fee be considered in determining whether the jurisdictional amount was involved? We think so." *Id.* The Court discussed that the attorney's fees are an accessory right, "but nevertheless it gave a right to recover and created a legal obligation to pay...the moment suit was brought the liability to pay the fee became a 'matter in controversy' and as such to be computed in making up the requisite jurisdictional amount." *Id.*

The Sixth Circuit has twice cited *Springstead* for the above-mentioned conclusion, once in 1916 and again in 1926; however, neither case held that attorney's fees are automatically considered as part of the computation for the purposes of jurisdiction. *See, Nathan v. Rock Springs Distilling Co.,* 10 F.2d 268, (6th Cir. Ky. 19260)(finding that when the plaintiff is entitled to recover attorney's fees via statute, then "he is fairly entitled to present that question for judicial determination, and for that reason the amount of that claim should be included in determining the amount in controversy."); See also, *Lee Line Steamers v. Robinson,* 232 F.417, (6th Cir Tenn. 1916)(discussing a written judgment for $5,000 that the instrument's holder possessed and sought to execute. The instrument entitled the holder's attorney to a 50% lein thereon as fees. Judge Warrington, writing for the panel, held that "the compensation of counsel is neither interest nor costs, and for jurisdictional purposes is to be treated as part of the matter in controversy.").  *Id.*

-5-

As the law stands today, attorney's fees do not generally constitute part of the amount in controversy "because the successful party does not collect attorney's fees from the opponent in addition to, or as a part of, the judgment." 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 102.106 (3d ed. 2012). However, there are two exceptions: (1) if the fees are provided for by contract; or (2) provided by statute. *See, Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-377 (6th Cir. 2007) (finding that attorney's fees requested by plaintiff and allowed by statute included in calculating amount in controversy) (citing Nathan v. Rock Springs Distilling Co., 10 F.2d 268, 269 (6th Cir. 1926)); *see also*, *Hornsby v. Hornsby's Stores, Inc.*, 763 F. Supp. 958, 960 (N.D. Ill. 1991) (finding that attorneys fees that are contractually provided for are included in the amount in controversy).

## IV.    The Court Does Not Have Jurisdiction In This Case

Traditionally, the amount in controversy in actions seeking a declaratory judgment is determined by the value of object of the litigation, *e.g.* , *LoDal, Inc. v. Home Ins. Co.* , No. 95-2187, 1998 U.S. App. LEXIS 12841, at *7 (6th Cir. June 12, 1998). The Defendant admits that the insurance policy at issue has a policy limit below the jurisdictional minimum in this case. However, the Plaintiff argues that attorney's fees should be considered as part of the amount in controversy. The Plaintiff does not offer any law in support of its argument, nor does the Plaintiff claim that the Defendant has a contractual right to attorneys fees in this case beyond the jurisdictional minimum.

If the Plaintiff would have fashioned an argument based on the law of the Sixth Circuit, the Plaintiff would have likely argued that, though attorney's fees are not traditionally considered as part of the amount in controversy, in this case, attorney's fees should be added because the insurance contract between the parties creates a contractual obligation for the insurer to pay all of the legal

expenses of the insured thereby meeting the first exception to the general prohibition against inclusion. However, the Plaintiff did not make such an argument. The Plaintiff asserted that the Sixth Circuit had not addressed the issue and went on to argue that "the pecuniary value of the obligation to defend is currently $12,000 plus, $100.00 for each additional hour defense counsel participates in the defense of the underlying Florida suits." [Doc. 54 at 5] The Plaintiff's point about cost is unresponsive as the Plaintiff needed not to prove that defense is costly, but whether such a costs can be considered to reach the jurisdictional minimum. And, to do that, the Plaintiff has the burden of proving that there is a contractual right to legal defense that continues on even after the policy limit is reached.

Presumably, attorneys fees would draw from the $75,000 policy and would extinguish upon reaching $75,000. Meaning, it is likely that the Defendant is entitled to legal defense, but that entitlement ends after $75,000 (the policy limit) is depleted, thereby necessarily defeating federal jurisdiction. Or, perhaps, in favor of jurisdiction, the insurance policy allows for the insured to collect up to $75,000 in addition to paying any attorneys fees from a separate account. However such an analysis by the Court is conjectural since the Plaintiff has failed to inform the Court exactly how this case meets the jurisdictional requirements of § 1332. Merely listing expenses is not enough to confer federal jurisdiction. Even if the insurance contract did create an entitlement to all defense costs incurred by the insured--thereby making attorneys fees part of a controverted amount meeting the first exception of the general prohibition excerpted above--the Plaintiff has failed to explain whether that right is extinguished after the $75,000 policy limit is met. Again, the Plaintiff did not make either of these points, nor did the Plaintiff provide a single case that is relevant to the present question. Since the Plaintiff did not address any elements of the law with regard to the present

inquiry, the Court is unable to construct a valuation of this matter that would put it in excess $75,000 as required by statute.

## V.  Conclusion

Having given the Plaintiff ample opportunities to cure the defects in it pleading, and being satisfied that the Plaintiff, for whatever reason, has not cured those defects, this Court finds that Plaintiff has in no way demonstrated that the monetary value of this matter exceeds $75,000. Nor does 28 U.S.C. § 2201, under which the Defendant seeks relief, provide a basis for federal question jurisdiction, as that provision is merely a vehicle for relief, not the applicable law governing the substance of this action. Consequently, this case is **DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION.** Defendant's Motion to Dismiss [Doc. 56], Motion to Withdraw [Doc. 51] will be **DENIED AS MOOT**. Plaintiff's Motions for Default Judgment [Docs. 40; 41; 42; and, 43] will be **DENIED AS MOOT**, and Defendant's Motion to Dismiss for Lack of Jurisdiction will be **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:


_____s/ Thomas W. Phillips_____
United States District Judge

-8-